SAMUEL G. CURRY *vs.* LEMUEL C. ALLEN.

A. and B. his wife were sued jointly for B.'s tort. No service of the writ was made upon B. Judgment by default was rendered against A.

*Held,* that the judgment was erroneous, and as no judgment could be rendered against B. none should have been rendered against either A. or B.

DEFENDANT'S petition for a trial.

The petitioner states in his petition that the plaintiff sued out a writ from the Court of Common Pleas against him and his wife in case for trover and conversion on the part of the wife; that no service of the writ was made on the wife, and that he entered no appearance for himself on account of arrangements which he supposed that he had made with the plaintiff to exonerate him from liability; that judgment was rendered by default against him at the December Term of the Court of Common Pleas, A. D. 1881, for $300 damages and $9.90 costs, and that execution has issued therefor. He prays that he may be allowed a trial in the Court of Common Pleas, and that the execution may be stayed. The petition was supported by affidavit.

*January* 19, 1884. DURFEE, C. J. A husband is liable to be sued along with his wife for her torts, even though they are committed by her apart from him and without his knowledge, direction, or consent. *Head* v. *Briscoe,* 5 Carr. & P. 484. But he is not liable to suit alone, for her torts so committed are not his in contemplation of law, but hers; and he is sued with her not because they are imputed to him, but because she cannot, while *covert,* be sued alone. As soon as her coverture terminates, either by death or divorce, neither he nor his estate is liable; but she, if living, can be sued without him. If pending suit against both she dies, the suit abates; whereas if he dies it may be prosecuted to judgment against her alone. 2 Bishop Law of Married Women, §§ 254, 255; *Wright* v. *Leonard,* 11 C. B. N. S. 258, 266; *Capel* v. *Powell,* 17 C. B. N. S. 743, 745. It was error, therefore, to enter judgment against the petitioner; but inasmuch as judgment could not be rendered against both him and her, the wife never having been served, *Versepuy* v. *Watson,* 12 R. I. 342, it should not have been rendered against either. The petition is meritori-

ous, and, therefore, for the reason assigned in it, supported as it is by affidavit, we think it should be granted.

*Petition granted.*

*Charles H. Page*, for petitioner.
*Albert D. Bean*, contra.